Keely E. Duke
ISB 6044; ked@dukescanlan.com
Bryan A. Nickels
ISB 6432; ban@dukescanlan.com
Duke Scanlan & Hall, PLLC
1087 W. River Street, Suite 300
P.O. Box 7387
Boise, ID 83707
Telephone (208) 342-3310
Facsimile (208) 342-3299
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS HEALTH ALLIANCE, INC. f/k/a ADVANTAGE CARE NETWORK, INC., an Idaho corporation, and SAINT ALPHONSUS HEALTH SYSTEM, INC. an Idaho corporation,<br><br>Plaintiffs,<br>v.<br><br>CORIZON, LLC, f/k/a CORRECTIONAL MEDICAL SYSTEMS, INC., a Missouri limited liability company, and CORIZON HEALTH, INC., a Delaware corporation,<br><br>Defendants. | Case No. 18-183<br><br>**COMPLAINT**<br><br>**(Demand for Jury Trial)** |

Plaintiffs Saint Alphonsus Health Alliance, Inc f/k/a Advantage Care Network, Inc. ("Saint Alphonsus Health Alliance") and Saint Alphonsus Health System, Inc. ("Saint Alphonsus Health System"), by and through their attorneys of record, Duke Scanlan & Hall, PLLC, as and for a Complaint against Defendants Corizon, LLC f/k/a Correctional Medical Systems, Inc., and Corizon Health, Inc., plead and allege as follows.

**COMPLAINT -1**

# I.
# PARTIES

1. Plaintiff Saint Alphonsus Health Alliance is an Idaho corporation doing business in Idaho with its primary place of business in Ada County, Idaho.

2. Plaintiff Saint Alphonsus Health System is an Idaho corporation doing business in Idaho with its primary place of business in Ada County, Idaho. Saint Alphonsus does business through several hospitals, including Saint Alphonsus Regional Medical Center, Inc., located in Boise, Idaho.

3. Corizon, LLC f/k/a Correctional Medical Systems, Inc. is a Missouri limited liability company doing business in Idaho, with its primary place of business in Williamson County, Tennessee, and is a wholly-owned subsidiary of Corizon Health, Inc., which is a Delaware corporation doing business in Idaho, with its primary place of business in Williamson County, Tennessee (Corizon, LLC and Corizon Health, Inc, collectively hereinafter as "Corizon").

# II.
# JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Corizon, as Corizon conducts business within the state of Idaho.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in Ada County, Idaho.

### III.

### FACTS

7. On information and belief, Corizon is party to a medical services contract with the Idaho Department of Correction ("IDOC"), effective January 1, 2014.

8. Corizon and Saint Alphonsus Health Alliance entered into a Service Agreement on or about January 1, 2011, regarding the provision of health care services to certain inmates and detainees in the custody of IDOC.

9. Per the terms of the Service Agreement, providers such as Saint Alphonsus Health System (and, in turn, its hospital, Saint Alphonsus Regional Medical Center) were each an "ACN Provider" to which Corizon was obligated to make "prompt and accurate payment directly to" for "Covered Services rendered to Patients in accordance with the related Exhibits to this Agreement."

10. Attachments to the Service Agreement set forth the contractual methodology and rates for which reimbursement for services provided by ACN Providers, including Saint Alphonsus Health System and/or Saint Alphonsus Regional Medical Center, were calculated and made.

11. The Service Agreement was terminated effective February 9, 2015.

12. After the termination of the Service Agreement, Corizon was deemed out-of-network. As a result, Corizon was no longer entitled to use of the contractual methodology and rates set forth in the Service Agreement; instead, Corizon had been informed and was aware that any health care provided by Plaintiffs to inmates at Corizon's request after February 9, 2015, would be charged at Plaintiffs' usual and customary rates.

**COMPLAINT -3**

13. Following termination of the Service Agreement, Corizon proposed entering into a new agreement, with reimbursement to be made at the Medicaid rate applicable to Corizon's contract with the State of Idaho as set forth under the then-existing version of Idaho Code §20-237B.

14. Plaintiffs rejected such proposal.

15. Despite Corizon's knowledge that any health care provided by Plaintiffs to inmates at Corizon's request after February 9, 2015, would be charged at Plaintiffs' usual and customary rates, Corizon continued, from February 10, 2015 and forward, to request and secure health care for inmates from Plaintiffs.

16. For the health care provided by Plaintiffs at Corizon's request from February 10, 2015 through March 26, 2018, Corizon has, over Plaintiffs' repeated objections, refused to pay Plaintiffs' usual and customary rates, and asserts it should only be required to pay the Medicaid rate of reimbursement. With respect to such health care, when Corizon has made payments, it has done so at the purported Medicaid rate.

17. Plaintiffs have never agreed to provide health care services to inmates at Corizon's request at a Medicaid rate, and have specifically rejected such proposal on numerous occasions.

18. Corizon further contends that it is entitled to pay amounts to Plaintiffs only at the Medicaid rate, pursuant to the version of Idaho Code §20-237B in effect at the time the care at issue was provided. The Idaho Supreme Court has recently entered an opinion on a certified question of law from the United States District Court for the District of Idaho stating that the "terms 'state board of correction' as used in Idaho Code Section 20-237B(1) and 'department of correction' as used in Idaho Code Section 20-237B(2)" do not include privatized

**COMPLAINT -4**

correctional medical providers under contract with the Idaho Department of Correction, such as Corizon.

19. Plaintiffs' reimbursement is not limited to a Medicaid rate pursuant to Idaho Code §20-237B in effect at the time of the provided care at issue, as such statutorily-set rate is not applicable to "[c]ompanies, professional associations and other health care service entities whose services are provided within the terms of agreements with privatized correctional medical providers under contract with the department of correction, private prison companies and county jails."

20. Instead, Corizon's ongoing securing of health care for inmates from Plaintiffs from February 10, 2015 through March 26, 2018, despite Plaintiffs' rejection of the use of a Medicaid rate and the inapplicability of Idaho Code §20-237B for that time period, constitutes Corizon's acceptance of Plaintiffs' usual and customary out-of-network rates for the provision of health care for IDOC inmates.

21. At present, Plaintiffs believe that the underpayments by Corizon for such medical care from February 10, 2015 through March 26, 2018, total at least $14,000,000, as well as ongoing interest accruing thereon, which currently totals at least $5,000,000.00.

## IV.

## CAUSES OF ACTION

### Count I – Unjust Enrichment

22. Plaintiffs incorporate all previous allegations as though fully set forth herein.

23. Plaintiffs conferred benefits on Corizon by providing health care services to certain inmates and detainees in the custody of IDOC as directed by Corizon, through Saint Alphonsus Regional Medical Center and other providers.

24. Corizon retained these benefits, and continues to do so.

25. These benefits were not provided gratuitously, and it would be unfair and unjust to Corizon to retain the amounts due and owing for health care services provided by Plaintiffs to certain inmates and detainees in the custody of IDOC, via Saint Alphonsus Regional Medical Center and other providers.

26. As a direct and proximate result of Corizon's retention of these benefits, both past and ongoing, without full payment, Plaintiffs have been damaged in an amount to be determined by a jury at trial, but otherwise significantly in excess of $75,000.

## Count II – Quantum Meruit

27. Plaintiffs incorporate all previous allegations as though fully set forth herein.

28. Corizon's conduct in seeking the provision of health care services provided by Plaintiffs implies a request by Corizon for performance by the Plaintiffs.

29. Corizon's conduct in seeking the provision of health care services provided by Plaintiffs implies a promise by Corizon to compensate the Plaintiffs for such performance.

30. Plaintiffs performed as requested.

31. Plaintiffs are entitled to recovery of the reasonable value of the services rendered, for which Corizon has not made full payment.

32. As a direct and proximate result of Corizon's failure to make full payment for the reasonable value of the services rendered, Plaintiffs have been damaged in an amount to be determined by a jury at trial, but otherwise significantly in excess of $75,000.

## DEMAND FOR ATTORNEY FEES

As a further direct and proximate cause of conduct of Corizon, as referred to above, Plaintiffs have been required to retain counsel for the purposes of prosecuting this action, and

they are entitled to recover all reasonable costs and attorneys' fees incurred in the prosecution of this lawsuit pursuant to various provisions of Idaho law, including, but not limited to, Idaho Code §§ 12-120(3), 12-121, 12-123, and Rule 54 of the Federal Rules of Civil Procedure, and any other applicable statute, rule, regulation, and/or contractual provision.  Plaintiffs are further entitled to an award of reasonable attorney fees in the event of default.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable pursuant to FRCP 38.

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment against Corizon as follows:

1) For compensatory damages;

2) For attorneys' fees and costs;

3) For prejudgment interest pursuant to Idaho Code §28-22-104;

4) For postjudgment interest pursuant to 28 U.S.C. §1961; and

5) For such other and further relief as the Court deems just and appropriate.

DATED this 25th day of April, 2018.

                                                  DUKE SCANLAN & HALL, PLLC


                                                  By/s/Keely E. Duke
                                                      Keely E. Duke, Of the Firm
                                                      Bryan A. Nickels, Of the Firm
                                                      *Attorneys for Plaintiffs*