John J. Burke, ISB #4619
Joseph F. Southers, ISB #9568
ELAM & BURKE, P.A.
251 East Front Street Suite 300
Post Office Box 1539
Boise, Idaho 83701
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jjb@elamburke.com
jfs@elamburke.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SAINT ALPHONSUS HEALTH ALLIANCE, INC. f/k/a ADVANTAGE CARE NETWORK, INC., an Idaho corporation, and SAINT ALPHONSUS HEALTH SYSTEM, INC. an Idaho corporation,

Plaintiffs,

v.

CORIZON, LLC, f/k/a CORRECTIONAL MEDICAL SYSTEMS, INC., a Missouri limited liability company, and CORIZON HEALTH, INC., a Delaware corporation,

Defendants.

Case No. 1:18-cv-00183-REB

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW Defendants Corizon, LLC and Corizon Health, Inc. ("Defendants"), by and through their counsel of record, Elam & Burke, P.A., and in answer to the Complaint and Demand for Jury Trial ("Plaintiffs' Complaint") filed by Plaintiffs Saint Alphonsus Health Alliance and Saint Alphonsus Health System, Inc., admit, deny, and allege as follow:

**FIRST DEFENSE**

Plaintiffs' Complaint, and each and every allegation therein, fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Based upon either a lack of information or the belief that certain allegations contained in Plaintiffs' Complaint are untrue, Defendants deny each and every allegation of Plaintiffs' Complaint except those specifically admitted herein.

**THIRD DEFENSE**

With respect to the specific allegations contained in Plaintiffs' Complaint, Defendants admit, deny and/or allege as follows:

**I.**

**PARTIES**

1. In response to the allegations in Paragraphs 1 and 2 of Plaintiffs' Complaint, Defendants admit the same.

2. In response to the allegations in Paragraph 3 of Plaintiffs' Complaint, Defendants admit only that Corizon, LLC is a Missouri limited liability company which does business in Idaho with its principal place of business in Williamson County, Tennessee. Defendants further admit that Corizon, LLC is a wholly owned subsidiary of Corizon Health, Inc, which is a Delaware corporation doing business in Idaho, with its primary place of business in Williamson County, Tennessee. Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

**II.**

**JURISDICTION AND VENUE**

3. In response to the allegations in Paragraphs 4 and 5 of Plaintiffs' Complaint, Defendants admit the same.

4. In response to the allegations in Paragraph 6 of Plaintiffs' Complaint, Defendants admit only that the events giving rise to Plaintiffs' Complaint occurred in Ada County, Idaho. Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint, including Plaintiffs' characterizations, and to the extent that such allegations are legal conclusions, no response is necessary.

**III.**

**FACTS**

5. In response to the allegations in Paragraph 7 of Plaintiffs' Complaint, Defendants admit only that Corizon, Inc. contracts with the State of Idaho to provide healthcare services to inmates in the custody of the Idaho Department of Corrections ("IDOC Contract") and that the contract speaks for itself.

6. In response to the allegations in Paragraph 8 of Plaintiffs' Complaint, Defendants deny the same.

7. In response to the allegations in Paragraph 9 of Plaintiffs' Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

8. In response to the allegations in Paragraph 10 of Plaintiffs' Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

9. In response to the allegations in Paragraph 11 of Plaintiffs' Complaint, Defendants admit only that the Service Agreement between Correctional Medical Services, Inc. and Advantage Care Network, Inc. ("ACN") was terminated effective February 9, 2015.

10. In response to the allegations in the first sentence of Paragraph 12 of Plaintiffs' Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegation contained therein and, therefore, deny the same. The first part of the second sentence in Paragraph 12 calls for a legal conclusion, to which no response is required. In response to the remaining allegations in the second sentence of Paragraph 12, Defendants lack sufficient information to form a belief as to the truth of the allegations and, therefore, deny the same.

11. In response to the allegations in Paragraph 13 of Plaintiffs' Complaint, Defendants admit only that a new agreement was discussed with ACN. As to the remaining allegations in Paragraph 13 of Plaintiffs' Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations and, therefore, deny the same.

12. In response to the allegations in Paragraph 14 of Plaintiffs' Complaint, Defendants admit only that they did not enter a new agreement with ACN/Plaintiffs.

13. In response to the allegations in Paragraph 15 of Plaintiffs' Complaint, Defendants admit only that after February 9, 2015, Plaintiffs provided health care services to inmates in the custody of the IDOC. As to the remaining allegations in Paragraph 15 of Plaintiffs' Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

14. In response to the allegations in Paragraph 16 of Plaintiffs' Complaint, Defendants admit only that it reimbursed Plaintiffs' medical services, which were provided to IDOC inmates between February 10, 2015, and March 26, 2018, at Idaho Medicaid rates. As to

the remaining allegations in Paragraph 16 of Plaintiffs' Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations and, therefore, deny the same.

15. In response to the allegations in Paragraph 17 of Plaintiffs' Complaint, Defendants deny the same based either upon lack of knowledge or their belief the allegations are untrue.

16. Paragraph 18 of Plaintiffs' Complaint calls for legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the same.

17. Paragraph 19 of Plaintiffs' Complaint calls for legal conclusions, to which no response is required. To the extent a response is required to the allegations in Paragraph 19, Defendants admit only that Idaho Code § 20-237B speaks for itself.

18. In response to the allegations in Paragraph 20 of Plaintiffs' Complaint, Defendants deny the same.

19. In response to the allegations in Paragraph 21 of Plaintiffs' Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

**IV.**

**CAUSES OF ACTION**

**Count I - Unjust Enrichment**

20. Defendants incorporate each and every admission, denial, and defense set forth in this Answer, as if set out in full herein.

21. Paragraph 23 of Plaintiffs' Complaint calls for a legal conclusion, to which no response is required. To the extent a response is required to the allegations in Paragraph 23 of

Plaintiffs' Complaint, Defendants deny that Plaintiffs conferred benefits on Corizon by providing health care services to inmates in the custody of the IDOC.

22. In response to the allegations in Paragraph 24 of Plaintiffs' Complaint, Defendants deny the same.

23. Paragraph 25 of Plaintiffs' Complaint calls for a legal conclusion, to which no response is required. To the extent a response is required to the allegations in Paragraph 25, Defendants deny the same.

24. Paragraph 26 of Plaintiffs' Complaint calls for legal conclusions, to which no response is required. To the extent a response is required to the allegations contained in Paragraph 26, Defendants deny the same.

**Count II - Quantum Meruit**

25. Defendants incorporate each and every admission, denial, and defense set forth in this Answer, as if set out in full herein.

26. Paragraph 28 of Plaintiffs' Complaint calls for a legal conclusion, to which no response is required. To the extent a response is required to the allegations contained in Paragraph 28, Defendants deny the same.

27. Paragraph 29 of Plaintiffs' Complaint calls for a legal conclusion, to which no response is required. To the extent a response is required to the allegations contained in Paragraph 29, Defendants deny the same.

28. Paragraph 30 of Plaintiffs' Complaint calls for a legal conclusion, to which no response is required. To the extent a response is required to the allegations contained in Paragraph 30, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained therein and, therefore, Defendants deny the same.

29. Paragraph 31 of Plaintiffs' Complaint calls for a legal conclusion, to which no response is required. To the extent a response is required to the allegations contained in Paragraph 31, Defendants deny the same.

30. Paragraph 32 of Plaintiffs' Complaint calls for legal conclusions, to which no response is required. To the extent a response is required to the allegations contained in Paragraph 32, Defendants deny the same.

## RESPONSE TO DEMAND FOR ATTORNEY FEES

Plaintiffs' Demand for Attorney Fees calls for legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the same.

## AFFIRMATIVE DEFENSES

By pleading certain defenses as affirmative defenses, Defendants do so for the purpose of completeness and do not intend to suggest that Defendants have the burden of proof for any such defense. Furthermore, as Defendants have not had the opportunity to conduct discovery in this case, Defendants, by failing to raise an affirmative defense, do not intend to waive any such defense, and specifically reserve the right to amend this answer to include additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are barred in whole or in part, by Plaintiffs' failure to mitigate damages.

## SECOND AFFIRMATIVE DEFENSE

The damages alleged in Plaintiffs' Complaint reasonably could have been avoided by Plaintiffs.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and alleged damages, if any, are barred by the doctrine of waiver, estoppel, and laches.

**FOURTH AFFIRMATIVE DEFENSE**

If Plaintiffs incurred any damages, the same are the direct and proximate result of intervening acts, constituting superseding causes, over which Defendants had no control, and for which they bear no responsibility.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and damages, if any, are barred in whole or in part because Plaintiffs were notified that Plaintiffs would be reimbursed at Idaho Medicaid rates.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred by Plaintiffs' failure to join as a party to this action a party or parties in whose absence complete relief cannot be accorded among those already parties, thereby subjecting Defendants to a substantial risk of incurring double, multiple or otherwise inconsistent obligations.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and damages, if any, are barred in whole or in part because Plaintiffs took the benefits of providing medical services to indigent inmates in the custody of the IDOC at Idaho Medicaid reimbursement rates.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and damages, if any, are barred in whole or in part because Plaintiffs accepted reimbursement from Defendants at Idaho Medicaid rates.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and damages, if any, are barred in whole or in part because of Plaintiffs' failure to fully and timely comply with Defendants' claims submission process and/or appeals process.

**TENTH AFFIRMATIVE DEFENSE**

At all relevant times, Defendants complied with the terms of the IDOC Contract, and any other applicable statutory or contractual obligations.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any claim for interest as alleged in Plaintiffs' Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any recovery because, at all times relevant to Plaintiffs' Complaint, Defendants were acting as an agent of the State of Idaho/Idaho Department of Correction.

**RESERVATION OF RIGHTS**

Discovery has just commenced, the result of which may reveal additional defenses to Defendants. Defendants reserve the right to amend this Answer if appropriate.

**REQUEST FOR ATTORNEY FEES**

Defendants have been required to retain the services of Elam & Burke, P.A., to defend this action, and will continue to incur reasonable attorney fees based upon the time expended in Defendants' defense. Defendants, therefore, allege and hereby make a claim against Plaintiffs for attorney fees and costs incurred in defending this action, pursuant to Idaho Code §§ 12-120, 12-120(3), and 12-121, and Rule 54 of the Federal Rules of Civil Procedure, and all other applicable laws allowing for the recovery of costs or attorney fees in this action.

## PRAYER

**WHEREFORE**, Defendants pray for judgment as follows:

1. Plaintiffs' Complaint be dismissed with prejudice and Plaintiffs take nothing thereby;

2. Defendants be awarded costs, expenses, and reasonable attorney fees incurred in defense of this matter; and

3. For such other and further relief as the Court deems just and equitable under the circumstances of this lawsuit.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED this 20th day of June, 2018.

ELAM & BURKE, P.A.

BY /S/ JOHN J. BURKE
John J. Burke - Of the Firm
Joseph F. Southers - Of the Firm
Attorneys for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of June, 2018, I electronically filed the foregoing **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**, with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

| | |
|---|---|
| Keely E. Duke | ked@dukescanlan.com |
| Bryan A. Nickels | ban@dukescanlan.com |

/s/ John J. Burke
John J. Burke
Joseph F. Southers