Keely E. Duke
ISB 6044; ked@dukescanlan.com
Bryan A. Nickels
ISB 6432; ban@dukescanlan.com
DUKE SCANLAN & HALL, PLLC
1087 W. River Street, Suite 300
P.O. Box 7387
Boise, ID 83707
Telephone (208) 342-3310
Facsimile (208) 342-3299
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS HEALTH ALLIANCE, INC. f/k/a ADVANTAGE CARE NETWORK, INC., an Idaho corporation, and SAINT ALPHONSUS HEALTH SYSTEM, INC. an Idaho corporation,<br><br>　　　　　Plaintiffs,<br>v.<br><br>CORIZON, LLC, f/k/a CORRECTIONAL MEDICAL SYSTEMS, INC., a Missouri limited liability company, and CORIZON HEALTH, INC., a Delaware corporation,<br><br>　　　　　Defendants. | **Case No. 18-183-DCN**<br><br>(Corresponding case: *St. Luke's Health System, Ltd. et al. v. Corizon, LLC et al.*, US District Court Case No. 1:18-CV-00289-DCN)<br><br>**MEMORANDUM IN SUPPORT OF STIPULATED MOTION TO CONSOLIDATE** |

　　　　Plaintiffs Saint Alphonsus Health Alliance, Inc. f/k/a Advantage Care Network, Inc. and Saint Alphonsus Health System (collectively, "Saint Alphonsus"), respectfully submit the following memorandum of points and authorities in support of the *Stipulated Motion to Consolidate* pursuant to Federal Rule of Civil Procedure 42(a), which should be granted for the reasons set forth below.

**MEMORANDUM IN SUPPORT OF STIPULATED MOTION TO CONSOLIDATE– 1**

# I.
# PROPOSED CONSOLIDATION

Saint Alphonsus requests consolidation of the discovery and expert phases of this action with a parallel action brought by <u>St. Luke's Health System, Ltd. et al. v. Corizon, LLC et al.</u>, in the US District Court for the District of Idaho, Case No. 1:18-CV-00289-DCN ("St. Luke's Action").  Corizon and St. Luke's stipulate to the proposed consolidation of the discovery and expert phases of both actions, including deadlines related to both phases as explained below.

# II.
# REASONS FOR CONSOLIDATION

A number of reasons support consolidation, as described above, of the two actions:

- The defendants in both actions are the same;

- Both actions are predicated on claims of non-payment or under-payment by defendants for medical services provided to Idaho Department of Correction inmates;

- Plaintiffs' legal theories in both cases are virtually identical; and

- Judicial efficiency will be promoted, given that both actions are currently similarly scheduled and present common questions and issues.

Accordingly, for these reasons, as discussed below, the Stipulated Motion to Consolidate should be granted.

**MEMORANDUM IN SUPPORT OF STIPULATED MOTION TO CONSOLIDATE– 2**

## III.
## STANDARD OF REVIEW

This Court has broad discretion to consolidate these two cases currently pending in the District of Idaho. Pierce v. Cty. of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008)("A district court generally has "broad" discretion to consolidate actions; we review its decision on consolidation under an abuse of discretion standard.")

As this Court has previously explained:

> When separate actions involving a common question of law or fact are pending before the court, the court may order a joint hearing, trial or other matters at issue in the actions. Moreover, the court may order all the actions consolidated, and it may make any order which tends to avoid unnecessary costs or delay. The district court has broad discretion under this rule to consolidate cases pending in the same district.

Dudley v. Aspen Realty, Inc., 2007 WL 2238889 (Dist. Idaho August 1, 2007)(citations omitted).

Further, in Abbott v. Sombke, this Court consolidated two separate prisoner civil rights cases in which plaintiff inmates in both cases were alleging inadequate psychiatric care:

> In order to consolidate claims, the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences, and there must be common questions of law or fact in the actions. The district court must also decide whether consolidation of the plaintiffs' claims would be equitable to both sides. The primary considerations for the Court are the judicial efficiency of consolidating the cases and the risk of inconsistent adjudications in the event the cases proceed separately. *See Matter of Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995) (trial court must not divide issues between separate trials in such a way that the same issue is reexamined by different juries).

Abbott v. Sombke, 2006 WL 988285 (D. Idaho April 13, 2006)(citations omitted); *accord*, Hoak v. Smith, 2009 WL 453824, at *1 (D. Idaho Feb. 20, 2009)(ordering consolidation of five cases "for ease of administration" where "Plaintiffs' Complaints have similar content, all relate to the same subject matter, and are brought against the same type of defendants").

# IV.
# ARGUMENT

A.  <u>The defendants in both actions are the same.</u>

The Defendants in this action are "Corizon, LLC, f/k/a Correctional Medical Systems, Inc.", and "Corizon Health, Inc." (*See* Complaint, Docket No. 1.)  Likewise, in the St. Luke's Action, the named defendants are "Corizon, LLC, f/k/a Correctional Medical Systems, Inc.", and "Corizon Health, Inc." (collectively, "Corizon").  The defendants in both actions are represented by the same counsel, John Burke and Evan Nadel, and both actions have the same assigned judge.

B.  <u>The right to relief asserted by Plaintiffs in both actions arises out of claims of non-payment for medical services provided to Idaho Department of Correction inmates.</u>

As reflected in Saint Alphonsus' Complaint, Saint Alphonsus contends that Corizon failed to pay Saint Alphonsus usual and customary rates for care provided to inmates in the custody of the Idaho Department of Correction ("IDOC"), for the time period of February 10, 2015 through March 26, 2018. (*See generally*, Complaint ¶16.)  Saint Alphonsus alleges that Corizon refused to either pay and/or make full payment for such costs.  In the instances when payment was made, Corizon made payment at a Medicaid rate. (Complaint ¶18)

These allegations are echoed in the St. Luke's Action:  either non-payment or payment of Medicaid rates in lieu of full billed charges (St. Luke's Action, Complaint ¶13) for the time period between July 1, 2014 and March 26, 2018.[1]  The complaints in both the Saint Alphonsus and the St. Luke's Actions allege that Corizon based its payments on its interpretation of Idaho Code §20-237B in effect at the time.  (Complaint ¶18; St. Luke's Action, Complaint ¶15.)

---

[1] The time period at issue in both actions terminates on the same date – March 26, 2018.

**MEMORANDUM IN SUPPORT OF STIPULATED MOTION TO CONSOLIDATE– 4**

Corizon does not agree that the prior version of Idaho Code §20-237B is material to the resolution of Plaintiffs' claims.

C.      <u>Plaintiffs' legal theories are virtually identical.</u>

In this action, Saint Alphonsus asserts that its prior contract with Corizon terminated on or about February 9, 2015, and that medical care provided during the time period of February 10, 2015 through March 26, 2018 was made without a formal written contract (*see, generally,* Complaint ¶¶12-15). As such, Saint Alphonsus has asserted Unjust Enrichment and Quantum Meruit causes of action.

Likewise, St. Luke's has also asserted that, for medical care provided during the time period between July 1, 2014 and March 26, 2018, a prior unsigned agreement between St. Luke's and Corizon was not applicable as Corizon had effectively terminated it when it began paying at the Medicaid rate. (St. Luke's Action, Complaint ¶¶8-11). Because of this, St. Luke's has also asserted causes of action for Unjust Enrichment and Quantum Meruit. Likewise, Corizon appears to have asserted the same twelve affirmative defenses in answering both Complaints. *Compare* Docket No. 7, pp. 7-9 *with* St. Luke's Action, Docket No. 5, pp. 10-12.

The only causes of action distinct in the St. Luke's Action are four Breach of Contract claims, based on care provided to four individual patients under single case agreements. (St. Luke's Action, Complaint ¶¶18-25.) However, these four additional Breach of Contract claims are largely ancillary to the larger question regarding alleged non-payment of and/or underpayment for medical services for those patients without single case agreements, which is the central thrust of this instant action, as well.

This is further borne out by the fact that the discovery served upon both Saint Alphonsus and St. Luke's are very similar (save the separate issue of St. Luke's 4 single case agreements).

**MEMORANDUM IN SUPPORT OF STIPULATED MOTION TO CONSOLIDATE– 5**

*Compare* Exhibits A & B (Interrogatories Nos. 3-9), *with* Exhibits C & D (Requests for Production 1-20).

As such, the overwhelming similarity between the two actions – including this very similar discovery – demonstrates the appropriateness of consolidation, not only for discovery purposes, but also for expert purposes, as many of the same questions raised by discovery share sufficient commonality that the better course is to have this Court and the parties address these parallel actions in single case events.

D.  <u>Consolidation as outlined above will promote judicial efficiency.</u>

As discussed above, the primary questions presented both in this litigation and the St. Luke's Action echo one another, and will, at least with respect to the question of liability, hinge on questions of law concerning the two equitable causes of action raised in both actions: Quantum Meruit and Unjust Enrichment.

Additionally, both actions were filed within a short time of one another; this action was filed on April 25, 2018, and the St. Luke's Action was filed on June 28, 2018.  As a result, many of the existing deadlines in both actions are strikingly similar to one another.  In light of this, consolidation would make no significant disruption to the parties' existing case deadlines; were the Court to grant consolidation for discovery and expert purposes, Saint Alphonsus proposes the following adjusted dates:

| **Deadlines** | **Saint Alphonsus' Action** | **St. Luke's Action** | **Proposed Consolidation Deadlines** |
|---|---|---|---|
| Discovery: | September 16, 2019 | September 20, 2019 | September 20, 2019 |
| Plaintiff's Experts: | May 15, 2019 | August 2, 2019 | August 2, 2019 |
| Defendant's Experts | June 28, 2019 | August 30, 2019 | September 16, 2019 |

**MEMORANDUM IN SUPPORT OF STIPULATED MOTION TO CONSOLIDATE– 6**

| | | | |
|---|---|---|---|
| Rebuttal Experts | August 2, 2019 | September 13, 2019 | October 21, 2019 |
| Expert Discovery | September 16, 2019 | October 11, 2019 | November 14, 2019 |

No trial date has been set in either matter, with trial to be instead set following the entry of a decision on all pending dispositive motions (or after the passage of the dispositive motion deadline with no motions being filed). This Motion to Consolidate specifically seeks to have the Court consolidate these actions for purposes of discovery and experts (largely utilizing the later dates as exist in the St. Luke's Action's scheduling order, except to preserve the existing time between expert disclosures in the SARMC action).

E.   Consolidation of the actions as described above could be helpful to avoid inconsistent adjudications.

As requested above, the undersigned request that the Court consolidate these actions for purposes of discovery and experts. This Court may be asked to address similar discovery and expert-related questions, given the anticipated similarity in scope of discovery and experts. The parties agree that similar issues concerning fact and expert discovery are likely to arise in both actions and that judicial efficiency would be advanced by allowing the Court to rule once on any such issues.

## IV.
## CONCLUSION

For the foregoing reasons, Saint Alphonsus respectfully requests that the *Stipulated Motion to Consolidate* be granted.

DATED this ____ day of May, 2019.

                                      DUKE SCANLAN & HALL, PLLC

                                      By/s/Keely E. Duke_____
                                          Keely E. Duke, Of the Firm
                                          Bryan A. Nickels, Of the Firm
                                          *Attorneys for Plaintiffs*

DATED this ____ day of May, 2019.

                                      ELAM & BURKE

                                      By   /s/John J. Burke_____
                                         John J. Burke, Of the Firm
                                         *Attorneys for Defendants*

DATED this ____ day of May, 2019.

                                      MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

                                      By   */s/* Evan S. Nadel_____
                                         Evan S. Nadel, Of the Firm
                                         *Attorneys for Defendants, Pro Hac Vice*

DATED this ____ day of May, 2019.

                                      STOEL RIVES LLP

                                      By   */s/* Wendy J. Olson_____
                                         Wendy J. Olson, Of the Firm
                                         *Attorneys for St. Luke's Plaintiffs*
                                         *Case No. 18-CV-00289-DCN*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the ____ day of May, 2019, I caused to be served a true copy of the foregoing document, by the method indicated below, and addressed to each of the following via email:

| | |
|---|---|
| John Burke | jjb@elamburke.com |
| Evan S. Nadel | enadel@mintz.com |

        /s/Keely E. Duke
        Keely E. Duke
        Bryan A. Nickels