UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS HEALTH ALLIANCE, INC. f/k/a ADVANTAGE CARE NETWORK, INC., an Idaho corporation, and SAINT ALPHONSUS HEALTH SYSTEM, INC., an Idaho corporation, ST. LUKE'S HEALTH SYSTEM, LTD. and ST. LUKE'S REGIONAL MEDICAL CENTER, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CORIZON, LLC, f/k/a CORRECTIONAL MEDICAL SYSTEMS, INC., a Missouri limited liability company, and CORIZON HEALTH, INC., a Delaware corporation, <br><br> Defendants. | Case No. 1:18-cv-00183-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is a Stipulated Motion to Consolidate Cases. Dkt. 28. In the instant Motion, Saint Alphonsus, St. Luke's, and Corizon have stipulated to the consolidation of the discovery and expert phases of this action and the sister action—Case No. 1:18-cv-00289-DCN; *St. Luke's Health System, Ltd, et al. v. Corizon, LLC, et al.*—currently pending before the undersigned judge. For the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

On April 25, 2018, Saint Alphonsus filed the instant action against Corizon. Dkt. 1. Broadly speaking, Corizon and the Idaho Department of Correction ("IDOC") contract with Saint Alphonsus for health care services for inmates and detainees in the custody of IDOC. Saint Alphonsus alleges in its Complaint that Corizon underpaid for services it rendered. For its part, Corizon alleges that certain agreements were no longer in effect and that it paid Saint Alphonsus appropriate and legal rates for its services.

On June 28, 2018, St. Luke's filed a separate Complaint against Corizon. Case 1:18-cv-00289, Dkt. 1. In its Complaint, St. Luke's alleges substantially similar claims against Corizon as those made by Saint Alphonsus—that Corizon underpaid for health-related services it provided inmates. Additionally, St. Luke's brings four individual breach of contract claims against Corizon related to four "John Doe" inmates. Corizon denies all of the allegations and asserts that it fully and fairly compensated St. Luke's for all of the services it provided—including those services for the four John Does.

Separate Case Management Orders were entered in these two cases and discovery began. Early on in the litigation of both cases, however, the parties informed the Court that consolidation—in one form or another—was likely. The parties now jointly move for consolidation of the two cases during the discovery and expert phases.

## III. LEGAL STANDARD

Rule 42(a) authorizes a district court to consolidate cases that share "a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has broad discretion to order consolidation, and in exercising that discretion should "weigh[] the saving of time and

## II. BACKGROUND

On April 25, 2018, Saint Alphonsus filed the instant action against Corizon. Dkt. 1. Broadly speaking, Corizon and the Idaho Department of Correction ("IDOC") contract with Saint Alphonsus for health care services for inmates and detainees in the custody of IDOC. Saint Alphonsus alleges in its Complaint that Corizon underpaid for services it rendered. For its part, Corizon alleges that certain agreements were no longer in effect and that it paid Saint Alphonsus appropriate and legal rates for its services.

On June 28, 2018, St. Luke's filed a separate Complaint against Corizon. Case 1:18-cv-00289, Dkt. 1. In its Complaint, St. Luke's alleges substantially similar claims against Corizon as those made by Saint Alphonsus—that Corizon underpaid for health-related services it provided inmates. Additionally, St. Luke's brings four individual breach of contract claims against Corizon related to four "John Doe" inmates. Corizon denies all of the allegations and asserts that it fully and fairly compensated St. Luke's for all of the services it provided—including those services for the four John Does.

Separate Case Management Orders were entered in these two cases and discovery began. Early on in the litigation of both cases, however, the parties informed the Court that consolidation—in one form or another—was likely. The parties now jointly move for consolidation of the two cases during the discovery and expert phases.

## III. LEGAL STANDARD

Rule 42(a) authorizes a district court to consolidate cases that share "a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has broad discretion to order consolidation, and in exercising that discretion should "weigh[] the saving of time and

effort consolidation would produce against any inconvenience, delay or expenses that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

## IV. ANALYSIS

As this is a joint motion stipulated to by all parties, the Court will not undertake an in-depth analysis of the relevant consolidation factors, but simply notes that these cases clearly share common questions of law and fact and consolidation will not cause any prejudice, inconvenience, or undue delay. To the contrary, consolidation will avoid duplicative litigation and be an efficient use of judicial resources.

Accordingly, under Rule 42(a), the Court will order these cases consolidated during the discovery and expert phases. As the time for trial approaches, the Court and counsel will determine the best way to proceed with each case and/or whether bifurcation is necessary.

In light of consolidation, the Court must reset certain deadlines to bring the cases in sync. The consolidated deadlines that will apply moving forward are as follows:

| | |
|---|---|
| Close of Fact Discovery: | September 20, 2019 |
| Plaintiffs' Expert Disclosures: | August 2, 2019 |
| Defendants' Expert Disclosures: | September 16, 2019 |
| Plaintiffs' Rebuttal Experts: | October 21, 2019 |
| Close of Expert Discovery: | November 14, 2019 |
| Dispositive Motion Deadline: | November 15, 2019 |

///

///

# V. ORDER

**IT IS ORDERED:**

1. The joint Motion to Consolidate Cases (Dkt. 28) is **GRANTED**.

2. Case No. 1:18-cv-00289-DCN, *St. Luke's Health System, Ltd, et al. v. Corizon, LLC, et al.*, is hereby CONSOLIDATED with the above captioned case.

3. The parties will submit any and all future filings only in Case No. 1:18-cv-00183-DCN which is now the LEAD CASE. The Parties will use the case caption as it appears herein in all future pleadings. The Clerk of the Court shall place a signed copy of this order in the file of Case No. 1:18-cv-00289-DCN.

DATED: June 5, 2019

_____
David C. Nye
Chief U.S. District Court Judge